## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

THEODORA LOUISE GREGORIE,      )
            )    No. 6:12-cv-03275-DCN
          Plaintiff,    )
            )
          vs.       )
            )    **ORDER**
CAROLYN W. COLVIN, *Acting*    )
*Commissioner of Social Security*,[1]  )
            )
         Defendant.    )
            )

      This matter is before the court on Magistrate Judge Kevin F. McDonald's Report and Recommendation ("R&R") that this court affirm Acting Commissioner of Social Security Carolyn Colvin's decision denying plaintiff's application for disability insurance benefits ("DIB"). Plaintiff filed objections to the R&R. For the reasons set forth below, the court rejects the R&R and remands the Commissioner's decision.

## I.  BACKGROUND

      Unless otherwise noted, the following background is drawn from the R&R.

### A.    Procedural History

      Plaintiff Theodora Louise Gregorie ("Gregorie") filed an application for DIB on May 27, 2009, alleging disability beginning on August 3, 2004. The Social Security Agency denied Gregorie's claim initially and on reconsideration. Gregorie requested a hearing before an administrative law judge ("ALJ"), and ALJ Regina L. Warren held a hearing on March 21, 2011. The ALJ issued a decision on April 15, 2011, finding

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this lawsuit.

Gregorie not disabled under the Social Security Act.  Gregorie requested Appeals Council review of the ALJ's decision.  The Appeals Council declined to review the decision, rendering the ALJ's decision the final action of the Commissioner.

On November 15, 2012, Gregorie filed this action seeking review of the ALJ's decision.  The magistrate judge issued an R&R on April 24, 2014, recommending that this court affirm the ALJ's decision.  Gregorie filed objections to the R&R on May 12, 2014 and the Commissioner responded to Gregorie's objections on May 29, 2014.  The matter is now ripe for the court's review.

### B.     Medical History

Because Gregorie's medical history is not relevant to the disposition of this case, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts.  Gregorie was born on March 10, 1957, and was 47 years old on the alleged onset date.  She completed four years of college and has past relevant work experience as a dispatcher and waitress.

### C.     ALJ's Decision

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Gregorie was disabled from August 3, 2004 through December 31, 2010, her date last insured.  The ALJ first determined that Gregorie had not engaged in substantial gainful activity during the relevant time period.  Tr. 14.  At the second step, the ALJ found that Gregorie suffered from the following severe impairment: degenerative disc disease of the lumbar spine.  Id.  At step three, the ALJ determined that Gregorie's impairment did not meet or equal one of the listed impairments in the Agency's Listing of Impairments ("the Listings").  Tr. 16; see 20 C.F.R. Part 404, Subpt.

P, App'x 1.  Before reaching the fourth step, the ALJ determined that Gregorie had the residual functional capacity ("RFC") to perform light work, as defined by 20 C.F.R. §404.1567(b).  Id.  However, the ALJ determined that Gregorie should have the option to sit and stand at will, would require use of an assistance device for prolonged walking, could occasionally climb stairs, stoop, kneel, crouch, and crawl, and should never climb ladders or be exposed to unprotected heights.  Id.  The ALJ found, at step four, that Gregorie was able to perform past relevant work as a dispatcher, and therefore concluded that she was not disabled during the period at issue.  Tr. 20.

## II.  STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made.  28 U.S.C. § 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of the magistrate judge.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court.  Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied."  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Id.  (internal citations omitted).  "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the

[Commissioner] if his decision is supported by substantial evidence." Id.  Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court.  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted).

### III.  DISCUSSION

Gregorie objects to the R&R on four grounds, arguing the magistrate judge erred in:  (1) finding that substantial evidence supports the ALJ's "rejection of the evidence regarding Ms. Gregorie's multiple impairments"; (2) finding that the ALJ properly considered Gregorie's credibility; (3) finding that the ALJ had properly applied the treating physician rule; and (4) finding that the ALJ properly performed the required function-by-function analysis.  Because the court finds that Gregorie's objection regarding credibility is grounds for remand, it does not consider the remaining objections.

Determining whether an individual is disabled by pain or other symptoms is a two-step process.  First, an ALJ must determine whether a claimant has an underlying impairment that has been established by objective medical evidence that would reasonably be expected to cause subjective complaints of the severity and persistence alleged.  See 20 C.F.R. §§ 404.1529(b), 416.929(b); SSR 96–7p; Craig, 76 F.3d 585, 591-96 (4th Cir. 1996) (discussing the regulation-based two-part test for evaluating pain).  The first part of the test "does not . . . entail a determination of the intensity, persistence, or functionally limiting effect of the claimant's asserted pain."  Craig, 76 F.3d at 594 (internal quotation omitted).

Second, and only after claimant has satisfied the threshold inquiry, the ALJ is to evaluate "the intensity and persistence of the claimant's pain, and the extent to which it

affects her ability to work." Id. at 595. This second step requires the ALJ to consider the record as a whole, including both objective and subjective evidence, and a claimant's "statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." SSR 96-7p. "Assessment of the credibility of an individual's statements about pain or other symptoms and about the effect the symptoms have on his or her ability to function must be based on a consideration of all of the evidence in the case record," including a claimant's "prior work record." Id. (emphasis added); see also 20 C.F.R. § 404.1529 ("[The SSA] will consider all of the evidence presented, including information about your prior work record," in evaluating the intensity and persistence of claimant's symptoms.).

In this case, the ALJ found that Gregorie's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not fully credible . . . ." Tr. 17. However, the ALJ failed to mention Gregorie's 20-year work record when considering her credibility. See Tr. 33 (Gregorie testifying that she worked dispatch for 20 years and worked part-time as a waitress for 18 of those years). Because SSR 96-7p and 20 C.F.R. § 404.1529 require the ALJ to at least consider a good work record in her credibility determination, the case must be remanded to the Commissioner for further administrative proceedings. See Osgood v. Astrue, No. 2:08-cv-3386, 2010 WL 737839 (D.S.C. Mar. 2, 2010) (remanding case because ALJ failed to mention plaintiff's work history when evaluating her credibility). When reviewing the case on remand, the ALJ should consider Gregorie's other allegations of error.

## IV.   CONCLUSION

Based on the foregoing, the court **REJECTS** the magistrate judge's R&R, and

**REVERSES** the Commissioner's decision, and **REMANDS** the case for further

administrative proceedings.

   **AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 11, 2014**
**Charleston, South Carolina**